ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Tuesday, December 17, 2013 10:34:43 AM
CASE NUMBER: 2013 CV 07673 Docket ID: 18716085
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# IN THE MONTGOMERY COUNTY, OHIO COURT OF COMMON PLEAS
## CIVIL DIVISION

| | | |
|---|---|---|
| **JOHN ALEXANDER** <br> 43 Missouri Avenue <br> Dayton, Ohio 45410 | : <br> : <br> : | CASE NO. _____ <br> <br> JUDGE _____ |
| and | : | |
| **MISTY STAMPER** <br> 43 Missouri Avenue <br> Dayton, Ohio 45410 | : <br> : <br> : | **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, RELATED TORTS; JURY DEMAND ENDORSED HEREON** |
| Plaintiffs | : | |
| VS. | : | |
| **CITY OF DAYTON, OHIO** <br> 101 West Third Street <br> Dayton, Ohio 45402 | : <br> : <br> : | |
| and | : | |
| **OFFICER MICHAEL WOLPERT** <br> **Individually and in his Official Capacity as an Officer of the City of Dayton Police Department** <br> 335 W. Third St. <br> Dayton, Ohio 45402 | : <br> : <br> : <br> : <br> : | |
| and | : | |
| **OFFICER JASON OLSON** <br> **Individually and in his Official Capacity as an Officer of the City of Dayton Police Department** <br> 335 W. Third St. <br> Dayton, Ohio 45402 | : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

Now come Plaintiffs John Alexander and Misty Stamper, by and through counsel, and assert the following for their Complaint:

1

## INTRODUCTION

1. This Complaint arises out of the wrongful use of force upon Plaintiff John Alexander by Defendants and the wrongful search of Plaintiffs' home, on December 19, 2012, in violation of Plaintiffs' constitutional rights, within and outside of the Defendants' official duties and arising out of the grossly negligent, reckless, wanton, intentional, and legally malicious conduct of the Defendants, jointly and severally, including, but not limited to the following:

    A.  entering Plaintiffs' home without a search warrant or legally sufficient cause;

    B.  the unlawful and unreasonable use of force against Plaintiff Alexander, causing injury to Plaintiff.

## JURISDICTION

2. This Court has jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the United States, specifically 42 U.S.C. Section 1983, pursuant to *Jackson v. Kurtz*, 65 Ohio App.2d 152, 156-157, 416 N.E.2d 1064 (1979).

3. This Court has original jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the State of Ohio pursuant to R.C. 2305.01.

## VENUE

4. Plaintiff's claims may be brought in this Court pursuant to Ohio Rule of Civil Procedure 3(B)(1), because, upon information and belief, one or more of the named Defendants reside within Montgomery County.

5. Plaintiff's claims may be brought in this Court pursuant to Ohio Rule of Civil Procedure 3(B)(3), because all or part of the claim for relief arose within Montgomery County.

6. Plaintiff's claims may be brought in this Court pursuant to Ohio Rule of Civil Procedure 3(B)(4), because one or more of the named Defendants is a public official with his principal office within Montgomery County.

## PARTIES

7. Plaintiffs are and were, at all times relevant, citizens and residents of the City of Dayton, Montgomery County, Ohio. Plaintiffs John Alexander and Misty Stamper are husband and wife. Mr. Alexander was the victim of an unlawful assault at the hands of Defendants Wolpert and Olson, as described herein.

8. Defendant City of Dayton is a political subdivision of the State of Ohio located in Southwestern Ohio. Defendant City is the employer of the other Defendants.

9. Defendants Michael Wolpert and Jason Olson are employees and officers of the City of Dayton Police Department, holding the rank of Patrol Officer. The claims pleaded herein are asserted against Defendants Wolpert and Orick in both their official and individual capacities.

## FACTS

10. This incident occurred on December 19, 2012, at the home of Plaintiff John M. Alexander, Sr., located at 43 Missouri Avenue, Dayton, Ohio 45410 in Montgomery County, where he resides with his wife, Plaintiff Misty R. Stamper.

11. On December 19, 2012, two Dayton Police Department officers, Defendants Wolpert and Olson, visited the Alexander/Stamper residence looking for John Alexander's mother, Elizabeth Alexander, whose vehicle they had seen parked on the street outside.

12. When Ms. Stamper answered the door, both she and Mr. Alexander told the officers that his mother was not there.

3

13. When Ms. Stamper did not give the officers permission to search their home, the officers grabbed her arm and pushed her out of the way. The officers proceeded to enter the home without permission.

14. When the police officers searched the residence and found that Elizabeth Alexander was not, in fact, present, they began to leave the residence.

15. Before the officers left the residence, they asked for Mr. Alexander's identification, which he provided to them.

16. Mr. Alexander and Ms. Stamper decided to wait on the porch outside as the officers were checking his identification. The officers handed Mr. Alexander his I.D. card back and turned around and walked away.

17. As the officers walked away, they made some rude comments to Mr. Alexander, then turned around and charged back up onto the porch, grabbing Mr. Alexander, then throwing him off the porch steps, over the porch rail and into a flower bed.

18. The officers then dragged Mr. Alexander out of the flower bed and into the yard, where they continued to push him around as they were hitting him and kneeing him.

19. Once the officers realized that some of the neighbors were watching them, they stopped and again began to leave. As they were leaving a second time, they once again turned around to charge Mr. Alexander, but since he had already gone inside his house, the officers instead told Ms. Stamper that he was "lucky" and then left.

20. Once the officers were gone, Mr. Alexander went to the hospital to seek treatment for the injuries he had suffered.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Assault and Battery)**

4

21. Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

22. Defendants Wolpert and Olson, as pleaded herein, intended to cause and did cause Plaintiff Alexander to anticipate harmful physical contact with themselves and/or their weapons, without privilege to do so.

23. Defendants Wolpert and Olson, as pleaded herein, intended to cause and did cause Plaintiff Alexander to experience harmful physical contact with themselves and/or their weapons, without privilege to do so.

24. As a proximate result of this anticipation and contact Plaintiff was injured.

25. Plaintiff is entitled to compensatory and punitive damages for his injuries as a result of Defendants' actions.

## SECOND CAUSE OF ACTION
### (Violation of Constitutional Rights pursuant to 42 U.S.C. 1983 et seq.)

26. Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

27. The conduct of Defendants Wolpert, Olson, and the City of Dayton violated the constitutional rights of Plaintiffs under the Fourteenth Amendment to the U.S. Constitution, as well as their right to be free from unlawful search and seizure under the Fourth Amendment to the U.S. Constitution, their right to be free from Cruel and Unusual Punishment under the Eighth Amendment to the U.S. Constitution, and their right to Due Process of Law.

28. The aforesaid conduct of the Defendants, jointly and severally, was conducted under color of state law and while allegedly acting in their official capacity, even when acting outside of the limits of their official authority.

29. As a proximate result of the aforesaid constitutional rights violations and unlawful conduct by the Defendants, jointly and severally, Plaintiffs suffered damages and injuries, requiring compensatory and punitive damages.

30. The Defendants have jointly and severally participated, violated, adopted, ratified, and otherwise are proximately responsible for all the acts and wrongful conduct of each, and together as an entity.

31. All of the aforesaid conduct was done with a substantial lapse of due care, willfully, wantonly, recklessly, or with a greater degree of culpability which was substantially certain to result in injury, and in the case at bar did proximately result in injuries to Plaintiffs.

32. Plaintiffs are entitled to recover compensatory and punitive damages as a result of Defendants' actions and omissions.

### BRANCH ONE
*(Unnecessary, Excessive Use of Force/Cruel and Unusual Punishment, Violation of Civil Rights under 42 U.S.C. §1983)*

33. Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

34. Defendants Wolpert and Olson used unnecessary force against Plaintiff Alexander.

35. Defendants Wolpert and Olson, without privilege or cause to do so, unlawfully entered Plaintiffs' home, then later threw Plaintiff Alexander to the ground, and struck Mr. Alexander with the intention of causing pain and or injury to him.

36. The actions of Defendants Wolpert and Olson constituted an excessive use of force, an unreasonable seizure and deprived Plaintiff of his right to be free from an unlawful

seizure and his right to be free from cruel and unusual punishment as guaranteed by the Federal Constitution and Federal law.

37. The actions of Defendant the City of Dayton, including but not limited to failing to investigate the incident, indicate the City's ratification of the actions of the individual Defendants, making the City liable for the actions of the individual Defendants.

38. Plaintiffs are entitled to recovery for Defendants' violations of their rights as guaranteed by the United States Constitution and Federal Law, pursuant to 42 U.S.C. §1983.

### *BRANCH TWO*
*(Unlawful Entry; Unconstitutional Search and Seizure, Violation of Civil Rights under 42 U.S.C. §1983)*

39. Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

40. Defendants Wolpert and Olson asked permission of Plaintiff Misty Stamper to enter Plaintiffs' home. Plaintiff refused the Defendants permission to enter her home. Plaintiff was within her constitutional rights to do so.

41. Defendants Wolpert and Olson did not have a warrant to search Plaintiffs' home.

42. Defendants Wolpert and Olson did not have probable cause to believe that a crime was being committed within Plaintiffs' home, nor did Defendants have any other legal cause or justification to enter Plaintiffs' home.

43. Defendants Wolpert and Olson entered Plaintiffs' home without permission to do so, without a warrant to do so, and without legal cause or right to do so.

44. Defendants Wolpert and Olson then used their physical strength to attack Plaintiff John Alexander without a warrant and without any probable cause to believe that Plaintiff Alexander had committed any crime.

45. The acts of Defendants Wolpert and Olson in attacking Plaintiff Alexander, ultimately resulting in physical injury to him and endangering his health, created a substantial risk of death or great bodily harm, and deprived Plaintiff Alexander of his right to be free from illegal search and seizure in violation of the United States Constitution and Federal Law.

46. The actions of Defendant the City of Dayton, including but not limited to failing to investigate the incident, indicate the City's ratification of the actions of the individual Defendants, making the City liable for the actions of the individual Defendants.

47. Plaintiffs are entitled to recovery for Defendants' violations of their rights as guaranteed by the United States Constitution and Federal Law, pursuant to 42 U.S.C. §1983.

### BRANCH THREE
*(Deficient Policy of Hiring, Employment and Supervision of Officers, Violation of Civil Rights under 42 U.S.C. §1983)*

48. Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

49. Defendant the City of Dayton and other Defendants in their Official Capacity engaged in a custom or policy of hiring unqualified officers who exhibited deliberate indifference to the constitutional rights of individuals like Plaintiffs, including, but not limited to, the hiring or retention of individuals with past histories of violence.

50. Defendant the City of Dayton and other Defendants in their Official Capacity, furthermore, engaged in a custom or policy of employing and supervising police officers that exhibited deliberate indifference to the constitutional rights of individuals like Plaintiffs.

51. Defendant the City of Dayton and other Defendants in their Official Capacity, furthermore, engaged in a custom or policy with respect to the use of force by police officers that exhibited deliberate indifference to the constitutional rights of individuals like Plaintiffs.

52. Defendants Wolpert's and Olson's unconstitutional use of force against Plaintiff John Alexander, which resulted in injury to Mr. Alexander, was a direct and proximate result of the deliberate indifference of the other Defendants with respect to the hiring and supervision of officers like Defendants Wolpert and Olson.

53. Plaintiffs are entitled to recovery for Defendants' violations of their rights as guaranteed by the United States Constitution and Federal Law, pursuant to 42 U.S.C. §1983.

### THIRD CAUSE OF ACTION
#### (Loss of Consortium)

54. Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

55. Plaintiffs John Alexander and Misty Stamper are husband and wife.

56. The tortious actions and inactions of Defendants Wolpert, Olson and the City of Dayton caused injury to Plaintiff John Alexander.

57. As a direct and proximate result of the tortious actions and inactions of Defendants, Plaintiff Misty Stamper, immediately following the aforesaid incident, and for an extended period of time thereafter, has been forced to suffer the loss of consortium, companionship, society, and services of her husband, the Plaintiff John Alexander, and due to the severe and permanent nature of his injuries, shall be forced to suffer a loss of consortium, companionship, society and services of her husband into the future.

58. Plaintiff is entitled to recover compensatory and punitive damages as a result of Defendants' actions and omissions.

## **CLAIM FOR PUNITIVE DAMAGES**

59. Plaintiffs incorporate the allegations in the previous paragraphs of this Complaint as if fully rewritten herein.

60. The conduct of Defendants as pleaded herein was undertaken maliciously, intentionally, willfully, wantonly, recklessly, and/or with a substantial disregard for the rights of Plaintiffs, and was substantially certain to result in harm to Plaintiffs.

61. Plaintiffs are thus entitled to an award of punitive damages for Defendants' wrongful conduct as pleaded herein.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally as follows:

A) Compensatory damages in an amount greater than Twenty-Five Thousand Dollars ($25,000.00);

B) Punitive damages in an amount greater than Twenty-Five Thousand Dollars ($25,000.00);

C) The costs of this action to include reasonable attorney fees, prejudgment interest, post-judgment interest and to such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

/s/ Dwight D. Brannon
Dwight D. Brannon (0021657)
Matthew C. Schultz (0080142)
BRANNON & ASSOCIATES
130 W. Second St., Suite 900
Dayton, OH 45402
Tel.: (937) 228-2306
Fax: (937) 228-8475
E-mail:dbrannon@branlaw.com
mschultz@branlaw.com

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury on all issues presented herein.

/s/ Dwight D. Brannon
Dwight D. Brannon (0021657)

11