IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN ALEXANDER, et al.,

    Plaintiffs,

v.

CITY OF DAYTON, et al.,

    Defendants.

:     Case No. 3:14-cv-15

:     JUDGE WALTER H. RICE

:

---

ENTRY OVERRULING AS MOOT DEFENDANTS MICHAEL WOLPERT AND JASON OLSON'S MOTION *IN LIMINE* TO EXCLUDE CLAIMS FOR DAMAGES (DOC. #43), BASED ON REPRESENTATION OF PLAINTIFFS JOHN ALEXANDER AND MISTY STAMPER THAT THEY WILL NOT OFFER TESTIMONY IN THE AREAS THAT ARE THE SUBJECT OF DEFENDANTS' MOTION

---

Plaintiffs John Alexander ("Alexander") and Misty Stamper (collectively "Plaintiffs"), alleged that on the night of December 19, 2012, City of Dayton, Ohio, Police Officers Michael Wolpert ("Wolpert") and Jason Olson ("Olson") (collectively "Defendants")[1] used excessive force and committed a battery against Alexander. Plaintiffs further claimed that Alexander was forced to seek treatment for injuries arising out of the alleged excessive use of force and battery. Doc. #1-1.

Defendants have filed a Motion *in Limine* to Exclude [certain] Claims for Damages ("Motion"). Doc. #43. "Defendants move this Court to exclude: (1) [a]ny testimony concerning blood in Plaintiff [Alexander]'s urine; and (2) Plaintiff [Alexander]'s

---

[1] On March 31, 2016, the Court granted summary judgment to the City of Dayton ("The City") on all of Plaintiffs' claims directed at The City. Doc. #35-36. Consequently, Wolpert and Olson are the only remaining Defendants.

claim for damages for the medical treatment provided by Plaintiff [Alexander]'s primary care physician, Dr. Brenda Ellis." Doc. #43, PAGEID #722. In their memorandum *contra*, Plaintiffs state that they "have no intention of eliciting any such testimony. Indeed, it appears from Dr. Ellis' testimony that she never treated Mr. Alexander for the injuries he sustained in the incident which is the basis for this suit. Thus[,] none of Dr. Ellis' opinions [is] relevant to the issues in this case." Doc. #47, PAGEID #758.

In light of Plaintiffs' representation that they will offer no testimony in the areas that are the subject of Defendants' Motion, Doc. #43, it is OVERRULED AS MOOT.

Date: November 22, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE